1
2
3
4
5
6
7                        **UNITED STATES DISTRICT COURT**
8                        **SOUTHERN DISTRICT OF CALIFORNIA**
9

| WILLIAM SHIRK, | CASE NO. 12-CV-1118 - IEG |
|---|---|
| Plaintiff, | **ORDER:** |
| | 1. **REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION** |
| vs. | |
| | 2. **DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |
| | [Doc. No. 3] |
| WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC SYSTEM, INC.; RYAN AMATO, | 3. **DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT** |
| Defendants. | [Doc. No. 6] |

Plaintiff William Shirk filed this action in San Diego County Superior Court on March 12, 2012, alleging state law claims of fraud, recission, and to quiet title. [Doc. No. 1, Ex. 1.] On May 7, 2012, Defendants Wells Fargo Bank, N.A., Mortgage Electronic System, Inc., and Ryan Amato removed to this Court on the basis of diversity jurisdiction, [Doc. No. 1], and, on May 14, 2012, moved to dismiss. [Doc. No. 3.] On June 8, 2012, the Court ordered Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction. [Doc. No. 4.] Defendants responded to the Court's order to show cause on June 25, 2012. [Doc. No. 8.] For the reasons below, the Court finds that it lacks subject matter jurisdiction and thus **REMANDS** this action to state court and **DENIES** both Defendants' motion to dismiss and Plaintiff's motion for

extension of time to file an opposition, [Doc. No. 6], as moot.

## DISCUSSION

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In cases such as this, where removal is predicated on 28 U.S.C. § 1332(a), *i.e.*, diversity jurisdiction, if any defendant is a citizen of the same state as any plaintiff, subject matter jurisdiction is lacking and the case must be remanded. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("The diversity upon which removal is predicated must be complete.").

Here, it is uncontested both that Plaintiff is citizen of California and that Defendant Wells Fargo is a national banking association with its principal place of business in California. [*See* Doc. No. 1 at 2-3; *see also* Doc. No. 8 (no dispute as to these facts).] This Court has repeatedly held that Wells Fargo's principal place of business establishes its California citizenship. *See, e.g.*, *Uriarte v. Wells Fargo Bank, N.A.*, 2011 WL 5295285, at *9 (S.D. Cal. Nov. 3, 2011) (holding that Wells Fargo's principal place of business is California and thus that Wells Fargo is a California citizen, and remanding due to a consequent lack of diversity jurisdiction); *Rodriguez v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 1940572, at *3 (S.D. Cal. May 25, 2012) (same); *Saberi v. Wells Fargo Home Mortg.*, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) (same). In light of these uncontested facts and directly instructive decisions, the Court ordered Defendants to show cause why the case should not be remanded. [Doc. No. 4 at 2.]

Defendants' response presents nothing not already considered and rejected in this Court's prior decisions, and thus Defendants fail to show cause. [*See* Doc. No. 8] The Court remains unpersuaded that the Supreme Court, in *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), ruled out or even expressed skepticism of principal place of business citizenship for national banks. *See Rodriguez*, 2012 WL 1940572, at *2 ("the Court [in *Schmidt*] left open the possibility that a national bank may [] be a citizen of the state in which it has its principal place of business."); *see*

*also Uriarte*, 2011 WL 5295285, at \*5-6. Much to the contrary, the Supreme Court's continuing endorsement of jurisdictional parity between state and national banks, if anything, lends support thereto. *See Uriarte*, 2011 WL 5295285, at \*6 (analyzing the Supreme Court's emphasis on jurisdictional parity in *Schimdt* and other decisions regarding national bank citizenship); *Rodriguez*, 2012 WL 1940572, at \*2 (same). Further, the Court continues to recognize *American Surety Company v. Bank of California*, 133 F.2d 160 (9th Cir. 1943), as binding authority and remains unpersuaded that it conflicts with the Supreme Court's decision in *Schmidt*. *See Uriarte*, 2011 WL 5295285, at \*6 ("Wells Fargo has provided little that would persuade the Court to depart from this binding Ninth Circuit authority."); *Rodriguez*, 2012 WL 1940572, at \*4 n.4 ("this Court is bound by this controlling authority."). Thus, notwithstanding *Schmidt* and under *American Surety*, this Court continues to hold that national banks are citizens of the state in which they maintain their principal place of business. *Id; see also Taheny v. Wells Fargo Bank, N.A.*, __F.Supp.2d__, 2012 WL 1120140, at\*3-14 (E.D Cal. April 3, 2012) (detailed analysis of *American Surety*, its consistency with *Schmidt*, and how both decisions apply to Wells Fargo's citizenship).

Moreover, while the Court acknowledges that a split of opinion as to national bank citizenship exists, the Court remains unpersuaded that Defendants' position currently garners (or is even trending toward) a majority among the district courts.[1] *See Taheny*, __F.Supp.2d__, 2012 WL 1120140, at \*1 n. 1 (listing conflicting decisions issued by district courts within the Ninth Circuit); *Uriarte*, 2011 WL 5295285, at \*2 n. 3-4 (same for district courts in California). In addition, the majority of Courts of Appeals to address the issue have in fact endorsed principal place of business citizenship for national banks, while the only Circuit ruling to the contrary did so

---

[1] Defendants assert that post-*Schimdt* published district court opinions "unanimously reject" principal place of business citizenship. [Doc. No. 8 at 4-5.] This assertion is not only inaccurate, *see, e.g, Taheny*, __F.Supp.2d__, 2012 WL 1120140, its focus on published opinions alone is perplexing. [Doc. No. 8 at ] All district court decisions, published or not, are of at most persuasive authority. *See Herring v. Teradyne, Inc.*, 265 F.Supp.2d 1118, 1129 n.2 (S.D. Cal. 2002), *rev'd on other grounds, Herring v. Teradyne, Inc.*, 242 Fed.Appx. 469 (9th Cir. March 28, 2008).

in a divided opinion.[2] *Compare Horton v Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004) (finding a national bank to be a citizen of the state where it has its main office and the state where it has its principal place of business), *and Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (same), *with Wells Fargo Bank, N.A v. WMR e-PIN, LLC*, 653 F.3d 702, 716-17 (8th Cir. 2011) (Murphy, J., dissenting) ("I would hold that national banks are citizens of the state where their principal place of business is located in addition to the state in which their main office is located."). As such, and contrary to Defendants assertion, this Court's position can hardly be termed "in the clear minority." [*Cf.* Doc. No. 8 at 5.].

Finally, the notion that principal place of business citizenship has not been extended beyond corporations remains inconsequential; as this Court explicitly held in *Uriarte*, "a national bank *is* a corporation - just a federally charted one." 2011 WL 5295285, at *9 ("national banks are 'corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury.'") (quoting *Schmidt*, 546 U.S. at 306).

## CONCLUSION

Accordingly, for the foregoing reasons the Court hereby **REMANDS** this action to state court and **DENIES** both Defendants' motion to dismiss and Plaintiff's motion for extension of time as moot.

**IT IS SO ORDERED.**

**DATED:** July 17, 2012

**IRMA E. GONZALEZ**
**United States District Judge**

---

[2] Defendants argue that the portions of *Firstar* and *Horton* concerning principle place of business are "not necessary" to their holdings, are thus non-binding on this Court, and "[f]or this reason alone . . . should be disregarded." [*See* Doc. No. 8 at 7-8.] This argument misconstrues the authority of out-of-circuit Court of Appeals opinions and, moreover, simply misses the point. No portion of any decision by the Fifth and Eighth Circuits is binding on this Court regardless of its necessity to any holding. Still, binding or not, this Court has discretion to, and here indeed does, find the reasoning in *Firstar* and *Horton* persuasive. *See Uriarte*, 2011 WL 5295285, at *4-5 (acknowledging both decisions as persuasive authority).